# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LETICIA MARIE TORRES,<br><br>Defendant. | **ORDER CONTINUING JURY TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Case No. 2:23-cr-410-HCN-DAO-1<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Having considered Defendant's stipulated motion to continue jury trial, the court hereby finds as follows:

Defendant Leticia Marie Torres appeared in court for his arraignment on the indictment in this matter on November 16, 2023. *See* Dkt. No. 18. The court scheduled a trial for January 23, 2024, within the 70-day time period. *See id.* Trial is currently scheduled for March 11, 2025. *See* Dkt. No. 52.

Defendant now moves to continue the trial for 90-days. *See* Dkt. No. 55. Defendant is not in custody. She has been counseled as to her rights under the Speedy Trial Act and waives her right to a speedy trial in order to allow her counsel to adequately prepare and attempt to resolve this matter. She agrees that the defense will not be hindered or prejudices by the delay. Counsel for the government stipulates to the motion. The sole co-defendant, Brianna Marie Taylor, joins the motion for a continuance.

Defense counsel represents that the parties have been negotiating a potential resolution and that additional time is needed for defense counsel to meet with the Defendant in order to confer concerning her wishes for disposition of the case. Counsel additionally represents that the Defendant recently applied for the District's UACT program but was not accepted. Now that the

1

temporary pause associated with that application is over, negotiations will resume. Of course, if the negotiations are unsuccessful, the parties will need additional time to prepare for trial.

Based on the foregoing, the court finds that failure to grant a continuance would "result in a miscarriage of justice" and deny counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The court further finds that the length of the requested continuance is reasonable and reasonably related to the reasons for the continuance. For these reasons, the court finds that "the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial." *Id*. § 3161(h)(7). Accordingly, the court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from March 11, 2025 to June 10, 2025.

2. The time period from February 4, 2025 to June 10, 2025 inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

IT IS SO ORDERED.

Dated this 10th day of February, 2025.
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge